ROYAL RINDGE *vs.* INHABITANTS OF COLERAINE.

A traveller on a highway which had been rendered unsafe by recent freshets and was undergoing repairs, upon coming at sunset to a bridge which had been thus made impassable, crossed at a ford indicated by wagon ruts, and after proceeding for some distance on his journey received an injury from a defect in the highway, and brought an action against the town for damages. *Held,* that the state of the bridge and ford was not conclusive evidence that the traveller was not using ordinary care at the time of the injury but must be submitted to the jury with the other evidence in the case.

Rindge *v*. Inhabitants of Coleraine.

A right of action by the owner of a chattel for injuries done to it in the possession of a bailee is not barred by a settlement between the owner and the bailee, accompanied by an agreement that the bailee may bring a suit in the owner's name, but at his own risk and expense and for his own benefit; and such an agreement is not void for champerty.

ACTION OF TORT for injuries occasioned by a defect in a highway to the plaintiff's horse, while hired and driven by Joseph Baldwin.

At the trial in the court of common pleas in Hampden, before *Aiken*, J., it appeared that the highway ran along the bank of Green River, and in consequence of recent freshets had become unsafe, and at the time of the accident was undergoing repairs, but that no railing had been erected along the river bank; that Baldwin, a stranger travelling over the road, came at sunset to a bridge three miles distant from the place of the accident, upon which also repairs were being made in consequence of the freshet, and finding it impassable, crossed at a ford marked by wagon ruts, and (as he testified) "driving as carefully as he could," continued on his journey after dark, and while going at a slow trot "suddenly felt his wagon and himself going down a precipice."

Upon this evidence the defendants requested the judge to instruct the jury that the absence of the bridge was an obstruction, and under the circumstances conclusive notice that the road was dangerous, and that the plaintiff at the time of receiving the injury was not in the exercise of ordinary care. The judge declined so to instruct the jury; and instructed them that the condition of the bridge and the ford were circumstances which, in connection with the other evidence in the case, they might take into consideration in ascertaining whether Baldwin was in the exercise of ordinary care.

Baldwin brought another action against the defendants for personal injuries suffered by him at this time; and it appeared that the plaintiff, before this action was brought, had settled with Baldwin and received payment in full for the injury done to the horse, but with an agreement that this action might be prosecuted by Baldwin in the plaintiff's name, at Baldwin's risk and for his benefit. The defendants requested the court to instruct

the jury that the plaintiff could not recover in this action, or at least could only recover nominal damages. But the judge declined so to instruct them, and instructed them that this was not a bar to the recovery of full damages. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. T. Davis*, for the defendants. 1. Upon the facts appearing at the trial, the liability of the defendants was not for want of repair of the road, but, if at all, for not putting up proper guards or cautions to show to travellers that the road was under repair. *Tisdale* v. *Norton*, 8 Met. 392. *Shepardson* v. *Coleraine*, 13 Met. 60. *Doherty* v. *Waltham*, 4 Gray, 597. *Holman* v. *Townsend*, 13 Met. 297. The question whether sufficient cautions or guards existed is ordinarily for the jury; but in this case, there being no dispute about the facts, the court should have given the instructions prayed for. *Commonwealth* v. *Packard*, 5 Gray, 101. *Chase* v. *Breed*, 5 Gray, 440. *Lucas* v. *Taunton & New Bedford Railroad*, 6 Gray, 64. *Raymond* v. *Lowell*, 6 Cush. 535.

2. This suit is barred by payment, the effect of which is not avoided by the bargain made. *Adams* v. *Drake*, 11 Cush. 504. *Brackett* v. *Winslow*, 17 Mass. 153. *Hammatt* v. *Wyman*, 9 Mass. 138. *Abbott* v. *Upton*, 19 Pick. 434.

Baldwin might have recovered for the injury to the horse by a suit in his own name, or joined this cause of action in his suit for the injury to himself. *Littlefield* v. *Biddeford*, 29 Maine, 310. *Boynton* v. *Turner*, 13 Mass. 391. Story on Bailments, §§ 93 *f*, 94. This right is not dependent upon his having indemnified the owner for the loss. *White* v. *Bascom*, 28 Verm. 268. Rindge would be barred by Baldwin's recovery in his own name. *Hartford* v. *Jackson*, 11 N. H. 145. *Chesley* v. *St. Clair*, 1 N. H. 189. 2 Kent Com. (6th ed.) 585. Story on Bailments, § 394. And Baldwin would hold the residue, beyond the amount received for his own injury, in trust for Rindge. *Little* v. *Fossett*, 34 Maine, 545. *White* v. *Webb*, 15 Conn. 302. *Ingersoll* v. *Van Bokkelin*, 7 Cow. 681 & note *a*.

But if the bargain between Rindge and Baldwin did not extinguish the claim, it was an illegal transaction and void for

champerty. It was the purchase of an unliquidated, unacknowledged, disputed claim for damages ; a right of action for a tort ; a right to litigate at the purchaser's sole risk and expense and for his own benefit. *St.* 28 Edw. I. *c.* 11. Bac. Ab. Champerty ; Maintenance, E. 2 Story on Eq. (4th ed.) § 1040 *g. Prosser* v. *Edmonds,* 1 Y. & Col. Exch. 481. *Harrington* v. *Long,* 2 Myl. & K. 590. *Evans* v. *Jones,* 5 M. & W. 77. *Thalhimer* v. *Brinckerhoff,* 3 Cow. 647. *Gardner* v. *Adams,* 12 Wend. 297. The doctrine of champerty is recognized and adopted in Massachusetts. *Lathrop* v. *Amherst Bank,* 9 Met. 489. Apart from the agreement, Rindge had no right of action against Baldwin for injury to the horse. If Baldwin was guilty of negligence, the action against the town would fail ; if not guilty of negligence, he as hirer would not be responsible to the owner. Story on Bailments, §§ 389, 398, 399, 402, 408, 497 & cases cited. 1 Parsons on Con. 602 & cases cited. 2 Kent Com. 586. *Millon* v. *Salisbury,* 13 Johns. 211. *Dean* v. *Keate,* 3 Campb. 4. *Cooper* v. *Barton,* 3 Campb. 6 note. *Harrington* v. *Snyder,* 3 Barb. 380. *Foster* v. *Essex Bank,* 17 Mass. 479. If the agreement was champertous, the effect is that the court will not entertain the suit. *Byrne* v. *Frere,* 2 Molloy, 157. *Arden* v. *Patterson,* 5 Johns. Ch. 44.

*G. Ashmun & N. A. Leonard,* for the plaintiff. 1. The act of Baldwin in crossing the ford, where the bridge was out of repair, and continuing his journey on the highway, is to be judged of simply as a question of due care and diligence, and was properly left to the consideration of the jury. *Bigelow* v. *Rutland,* 4 Cush. 247. *Reed* v. *Northfield,* 13 Pick. 98. *Hall* v. *Lowell,* 10 Cush. 260. *Munroe* v. *Leach,* 7 Met. 274. *Palmer* v. *Andover,* 2 Cush. 600.

2. At the time of the accident Rindge had a right to recover of the defendants for the permanent injuries to his horse. *St.* 1850, *c.* 5. 1 Chit. Pl. (11th Amer. ed.) 62. *Hall* v. *Pickard,* 3 Campb. 187. The subsequent settlement between the plaintiff and Baldwin did not prevent the prosecution of this suit in the name of the plaintiff; and as a recovery in this action would be a bar to an action for the same cause in the name of Bald-

win, the settlement did not change the measure of damages. *Boynton* v. *Willard*, 10 Pick. 166. *Holly* v. *Huggeford*, 8 Pick. 73. The agreement, being made in good faith, and not injurious to the defendants, is not void for champerty.

DEWEY, J. To this action of tort for an injury to the horse of the plaintiff, caused by the unsafe condition of a highway which the defendants were bound to keep in repair, various objections are taken.

1. The first is to the refusal of the court to rule, as requested by the defendants, that the absence of a bridge at the ford way was of itself conclusive notice to the plaintiff that the road was dangerous, and that at the time of the receiving the injury the driver of the horse was not in the exercise of ordinary care. Upon this point the court are of opinion that the presiding judge properly refused so to instruct the jury, and gave the instructions adapted to the case.

2. It is said that this suit is barred by the fact, appearing in the case, that before bringing this action the plaintiff had settled with Baldwin, who was the bailee of the horse at the time of the receiving the injury, and had received payment in full for the damage done to the horse, but with an agreement and understanding that this action might be commenced and prosecuted by Baldwin in the name of Rindge at Baldwin's risk and for his benefit.

As to this proceeding, it is objected that it operates as a payment and discharge of the defendants. But we think that it is not to be so held. Such was not the design of the parties; but on the contrary Baldwin was to have the right to prosecute a suit in the name of Rindge, to recover these damages for his own use, which is inconsistent with the idea of discharging the defendants. The only ground for giving such effect to the arrangement between Baldwin and Rindge is that it must necessarily result therefrom. The court do not adopt that view of the case.

It is then urged as an objection to maintaining this action, that Baldwin might have recovered for the injury to the horse by a suit in his own name, he being at the time the bailee of the

horse and having a special property therein, and that this cause of action might have been joined in his suit for the personal injury to himself. We suppose it to be true that the action for the injury to the horse might have been brought either in the name of the special or general owner. Such is the general rule in relation to an action for a tort to personal property while in the hands of a bailee. In such suit the special owner would hold the balance, above the amount recovered for the injury sustained by him as special owner, in trust and for the benefit of the general owner. But this is now immaterial, as no such action was brought by Baldwin, the special owner ; and the first action for the injury to the horse was the present one, brought, as it well might be, in the name of the general owner. The action instituted by Baldwin in his own name was merely for his personal injury.

But it is further urged that this suit is now prosecuted by Baldwin in the name of Rindge, under a bargain between those parties, which the law holds illegal, and that upon the facts it amounts to a case of champerty. It is correctly stated by the counsel for the defendants, that we recognize the doctrine of champerty and give effect to such defence in proper cases. But this doctrine is to be taken with all reasonable exceptions, and it does not necessarily follow because one has become interested in a matter the subject of litigation by purchase of the demand, or is to receive a proportionate share of the avails of the suit, that it is a case of champerty. A party may prosecute a suit on a subject in which he has indirectly an interest, as was held in the case of *Call* v. *Calef*, 13 Met. 362. So one may lawfully agree to promote a suit where he has reasonable ground to believe himself interested, though he is not so. *Findon* v. *Parker*, 11 M. & W. 675. So cases of remote or contingent interests, or possibility of interest, in the subject litigated, or other equally justifying causes. *Lathrop* v. *Amherst Bank*, 9 Met. 490. In the present case Baldwin was not a stranger or party disconnected with the transaction, buying a controverted claim. He might suppose himself to some extent liable to Rindge, or at least Rindge might so allege and hold him legally to show that

the horse was injured without his default. As a special owner or bailee, he was to some extent interested in the recovery of damages of the town for the injury sustained by the horse. There was enough in the case to avoid the objection of champerty, and to bring the case fairly within the exceptions to the general rule, that are recognized and sanctioned by the cases cited above. *Exceptions overruled.*